298 So.2d 478 (1974)
The CITY OF GAINESVILLE, a Municipal Corporation, et al., Appellants,
v.
The STATE of Florida On the Relation of the INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL NO. 2157, a Labor Organization, et al., Appellees.
No. U-73.
District Court of Appeal of Florida, First District.
August 8, 1974.
*479 Osee R. Fagan, of Fagan, Crouch, Anderson & Folds, Gainesville, for appellants.
Robert L. Shevin, Atty. Gen., and Barry Scott Richard, Special Assistant Atty. Gen., for appellees.
PER CURIAM.
Appellant, City of Gainesville, brings this appeal from a preemptory writ of mandamus issued by the trial court mandating the city to make available to appellee, International Association of Fire Fighters, Local No. 2157, and all other members of the general public for their inspection and copying a proposal concerning the budget for the fire department of the City of Gainesville. The sole legal question posed by this appeal is whether pursuant to Chapter 119 of the Florida Statutes (Florida Public Records Act), the City of Gainesville is required to make available to the public for its inspection proposals relating to the budget for the City's fire department. Based on the limited record we have before us, we agree with the trial court that the material sought is a "public record" which must be made available to all citizens of this state for their inspection.
The City in its brief tells us that the material sought was a proposal concerning the budget of the fire department which was prepared in the normal and required course of municipal business. The citizens of the State of Florida through their legislature have declared that "all state, county, and municipal records shall at all times be opened for a personal inspection of any citizen of Florida... ."[1] and have defined a "public record" as "... all documents, papers, letters ... or other material regardless of physical form or characteristics made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."[2] In light of this legislative pronouncement it is clear that proposals concerning the fire department's budget which are made by a city employee in the normal course of conducting the city's business are materials which are open to the citizens of this state for inspection.[3]
Before concluding, we note that after oral argument in this case the City brought to our attention that the Florida Legislature in its most recent meeting had *480 enacted Florida Statute 447.023(3) which provides:
"All work products developed by the public employer in preparation for negotiations and during negotiations shall be exempt from Chapter 119, Florida Statutes."
While we appreciate counsel bringing this most recent change in the law to our attention, we do not feel that it is applicable to a determination of this cause. As we stated at the outset, the City has told us in its brief that the material sought by appelleefire fighters association was prepared by the city in the normal course of its business. The new statute only exempts materials which were developed by the City in preparation for or during labor negotiations. Last, we note that House Bill 2028, as amended by a conference committee (Laws 1974, c. 74-100, § 9), provides that Florida Statute 447.023(3) does not take effect until January 1, 1975.
The judgment appealed is affirmed.
RAWLS, C.J., and JOHNSON and McCORD, JJ., concur.
NOTES
[1] Florida Statute 119.01 (1973)
[2] Florida Statute 119.011(1) (1973)
[3] In this state the right of citizens to be informed of all facets of governmental operations is zealously protected. See Town of Palm Beach et al. v. Gradison et al., Fla., 296 So.2d 473. Opinion filed May 1, 1974.