GRIMES, Judge.
One of the issues in this interlocutory appeal has been determined in Public Employees Relations Commission v. City of Naples, Florida, Fla.App.2d 1975, 327 So.2d 41 (1976), in which this court held that the City of Naples could not assume jurisdiction over public employees bargaining matters pursuant to Fla.Stat. § 447.603 (1974) until the provisions and procedures of its ordinance were approved by the Public Employees Relations Commission (PERC).
The other issue in this case is whether the City is entitled to a circuit court determination of whether it would be an unfair labor practice to give a pay raise to the Naples Police Department at a time when there is pending before PERC a petition for certification filed on behalf of certain members of that department. We hold that the circuit court had no jurisdiction to hear this issue.
Even though the City is seeking a declaration with respect to action which has not yet been taken, the making of such a determination would be equivalent to passing on the question of whether the particular activity constituted an unfair labor practice.[1] Fla.Stat. § 447.503 (1974) vests PERC with jurisdiction to determine unfair labor practices. PERC’s orders are subject to review in the appropriate district court of appeal. While the Tucker Act (Chapter 447, Part II) does vest authority in the circuit court to determine certain issues concerning public employees labor matters,[2] there is nothing in the Act which would give the circuit court jurisdiction to consider the question which the City wishes to have answered.
*45 On the federal level, it has been held that the courts do not have concurrent jurisdiction with the National Labor Relations Board to determine matters which are arguably within the scope of the unfair labor practice provisions of the National Labor Relations Act.[3] The justification for pre-empting to the NLRB jurisdiction over unfair labor practices was more recently discussed in Amalgamated Ass’n of St. Elec. Ry. and Motor Coach Employees v. Lockridge, 1971, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473, where the U.S. Supreme Court said:
“The rationale for pre-emption, then, rests in large measure upon our determination that when it set down a federal labor policy Congress plainly meant to do more than simply to alter the then-prevailing substantive law. It sought as well to restructure fundamentally the processes for effectuating that policy, deliberately placing the responsibility for applying and developing this comprehensive legal system in the hands of an expert administrative body rather than the federalized judicial system. Thus, that á local court, while adjudicating a labor dispute also within the jurisdiction of the NLRB, may purport to apply legal rules identical to those prescribed in the federal Act or may eschew the authority to define or apply principles specifically developed to regulate labor relations does not mean that all relevant potential for debilitating conflict is absent.”
While the Tucker Act differs from the National Labor Relations Act in many particulars, the philosophy expressed by those provisions relating to administrative jurisdiction over unfair labor practices seems to be the same. It appears to us that the legislature intended for PERC to have exclusive jurisdiction over unfair labor practice questions of the type posed by the City in this case.[4]
The order on appeal is reversed, and the case is remanded with directions that the complaint and the counterclaim be dismissed.
HOBSON, A. C. J., and SCHEB, J., concur.

. Coincidentally, the Fraternal Order of Police has pending before PERC an unfair labor practice charge against the City predicated upon the withholding of wage increases from police department personnel.

. E. g., Fla.Stat. §§ 447.607 and 447.509 (1974).

. E. g., San Diego Building Trades Council v. Garmon, 1959, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775.

. Obviously, at such time as the City’s local option ordinance is approved by PERC, jurisdiction over unfair labor practices will then fall under the comparable public employees relations commission established by the ordinance.