340 So.2d 977 (1976)
Marcia D. WARDEN, Appellant,
v.
Michael M. BENNETT et al., Appellees.
No. 76-250.
District Court of Appeal of Florida, Second District.
December 29, 1976.
*978 Larry G. Turner of Goldin, Turner & Cates, Gainesville, for appellant.
Edward A. Turville of McClure & Turville, St. Petersburg, for appellees.
GRIMES, Judge.
This is an appeal from an order denying a petition for mandatory injunction to furnish certain information and records under the Public Records Act.
Appellant, Warden, is a citizen of the State of Florida and a labor organizer for the Communication Workers of America. Appellee, Bennett, is the president of the St. Petersburg Junior College. Warden brought suit against Bennett and the trustees of the college asserting that she had been illegally refused access to those records containing the names and addresses of the employees of the college and denied the right to be furnished with copies of the working papers used in preparing the college budget. Warden admitted that she was seeking this information for the purpose of assisting in her efforts to organize the employees of the college. The court dismissed the petition holding that the defendants were not obligated by law to furnish these records.
It is not seriously suggested that these were not public records within the purview of Chapter 119, Florida Statutes. See City of Gainesville v. State ex rel. I.A.F.F., Loc. 2157, 298 So.2d 478 (Fla. 1st DCA 1974). Likewise, there is no intimation that the time required of the college employees to furnish these records would unreasonably disrupt the orderly business of the college or that Warden was unwilling to pay the reasonable cost of furnishing these records. The court's ruling was essentially based upon four grounds which shall be discussed in turn.
First, it was said that the public policy of the state as reflected by Section 447.201, Florida Statutes (1974), is neither to encourage nor discourage organization of public employees and that to furnish Warden with the requested material would be improperly aiding the organization of the college's employees. We find it difficult to comprehend how the furnishing of public records would violate the spirit of Chapter 447, Part II, Florida Statutes (1974), sometimes called the Public Employees Relations Act. Moreover, the Public Records Act does not direct itself to the motivation of the person who seeks the records, and the purpose for which Warden sought these records was certainly not illegal. The fact that she intended to use them to help her in her labor organizing was irrelevant.
The court further indicated that the college might be committing an unfair labor practice by providing the records to Warden in her capacity as a labor organizer and, therefore, it was necessary for Warden to first exhaust her administrative remedies before the Public Employees Relations Commission under Chapter 447. Our court held in Public Employees Relations Commission v. Fraternal Order of Police, Local Lodge No. 38, 327 So.2d 43 (Fla.2d DCA 1976), that the federal doctrine of preemption is applicable to the activities of public employers in Florida who commit acts which are arguably unfair labor practices. But with all due respect, we cannot see how *979 the furnishing of the records requested in this case pursuant to a statutory mandate could "arguably" be considered an unfair labor practice. Cf. Maxwell v. School Board of Broward County, 330 So.2d 177 (Fla.App., 4th DCA 1976). The refusal to furnish the records might come closer to being an unfair labor practice, but there is nothing in the Public Records Act that would intimate that a citizen's right to public records is conditioned upon first asserting an unfair labor practice before the Public Employees Relations Commission whenever the refusal to furnish the records might constitute such a practice.
Thirdly, the court felt that to require the college to provide the requested information would be to bypass the collective bargaining process and contradict Rule 8H-3.27 of the Public Employees Relations Commission. This rule reads as follows:
"8H-3.27 Eligibility List. Public employees must file with the Chairman and the parties to an election an Election Eligibility List containing names and addresses of all eligible voters within ten (10) calendar days after approval by the Chairman of a Consent Election Agreement or after a direction of an election by the Commission. The 10-day requirement may be extended by the Chairman in unusual circumstances."
The fallacy in this reasoning is that it presupposes that simply because the information contained in certain public records might be available from other sources, the person seeking access to these records must first show that he has unsuccessfully sought the information from these sources. The Public Records Act contains no such requirement. Moreover, Rule 8H-3.27 would only provide a source for obtaining the names and addresses of the employees and then only after the approval or direction of an election.
Finally, the court observed that any right to request this information under the Public Records Act must give way to the statutory scheme for regulating public employee labor relations in the state as reflected by Chapter 447. Yet, there is nothing in Chapter 447 which remotely suggests that records otherwise available under the Public Records Act should not be furnished to those engaged in organizing government employees. It is significant to note that Section 447.605(3), Florida Statutes (1974), provides that all work products developed by the public employer in preparation for negotiations and during negotiations shall be exempt from the provisions of Chapter 119. The fact that the legislature specifically chose to exempt those particular records from the Public Records Act suggests that the legislature saw no other conflict between the public policies it expressed in the Public Employees Relations Act and in the Public Records Act.
The only doubt we entertain in this case is whether the addresses of the college employees could be considered part of their personnel records and thereby deemed confidential under the principles announced in this court's decision in Wisher v. News-Press Publishing Co., 310 So.2d 345 (Fla. 2d DCA 1975). The primary reason we held that personnel files were not subject to the provisions of the Public Records Act was to protect the privacy of the many employees of our state and local governments. While an employee may occasionally want his address kept confidential, it is seldom that the address of a governmental employee would not be ascertainable from other sources. Therefore, an employee's expectation that his address cannot be ascertained is minimal. Moreover, there are legitimate reasons why the public might wish to know the address of a public employee. On balance, we believe that the addresses of public employees do not fall within the confidentiality of personnel files afforded by the Wisher case.
Accordingly, we hold that Bennett and the trustees were obligated by the Public Records Act to furnish Warden with the requested information.
REVERSED.
McNULTY, C.J., and SCHEB, J., concur.