QUESTION:
Where individual citizens or newspaper reporters provide copies of letters or other documents that they have received to the mayor, are such letters and other documents to be considered as public records received `in connection with the transaction of official business,' within the meaning of s. 119.011, F. S.?
SUMMARY:
Copies of letters or other documents which are received by the mayor of a municipality in his official capacity constitute records received `in connection with the transaction of official business' and, therefore, are public records which must be produced for inspection unless exempted by law.
Florida's Public Records Law requires that every person having custody of public records permit any person to inspect and examine public records at reasonable times, under reasonable conditions unless the records are exempted from the provisions of ss. 119.01
and 119.07(1), F. S., by the terms of s. 119.07(2), F. S. Section119.011(1), F. S., defines public records to mean:
 `Public records' means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
Section 119.011(1), F. S., was brought into the statute by s. 1, Ch. 67-125. Prior to that time, the Public Records Law contained on definition of the term `public record.' As a result, the courts and this office limited the definition of public records to those documents which were `required by law to be kept or necessary to be kept in the discharge of a duty imposed by law or directed by law to serve as a memorial or evidence of something written, said, or done.' See AGO's 061-102 and 065-23. However, by the insertion of the phrase `or in connection with transaction of official business by any agency' within the statutory definition of public record, `the Legislature significantly broadened the definition of what construed a public record beyond the more restrictive definition which has been supplied by the courts in the absence of a controlling statutory definition. See e.g., Amos v. Gunn,92 So. 615 (Fla. 1922).' Attorney General Opinion 074-215. In addition, AGO 074-215 concluded:
 Presently, the only relevant concern in deciding whether a document is a public record is whether the document in question is in the legal possession of a public official. If no specific exemption exists for the documents, then the right of inspection cannot be denied to a citizen. (Emphasis supplied.)
Similarly, in City of Gainesville v. State ex rel. Int'l Ass'n of Firefighters, 298 So.2d 478 (1 D.C.A. Fla., 1974), the court held that the definition of public record contained in s. 119.011(1),supra, includes all documents made or received in the `normal' course of business. Cf. Gannett v. Goldtrap, 302 So.2d 174 (2 D.C.A. Fla., 1974); and Warden v. Bennett, 340 So.2d 977 (2 D.C.A. Fla., 1976), holding that preliminary documents or `working papers' are not exempt for the inspection requirements of s.119.07(1), F. S.
Moreover, statutes enacted for the public's benefit such as those relating to open meetings or records, are entitled to a liberal construction in favor of the public, in the instant case to personal inspection by any member of the public in accordance with s. 119.07(1), F. S. Attorney General Opinion 077-33. Cf. AGO 075-48. See also MacEwan v. Holm, 359 P.2d 413, 419 (Ore. 1960), in which the court noted that public policy favored broad access to documents received by public officers:
 Writings coming into the hands of public officers in connection with their official functions should generally be accessible to members of the public so that there will be an opportunity to determine whether those who have been entrusted with the affairs of government are honestly, faithfully, and competently performing their functions as public servants.
Accordingly, I am of the view that the phrase `in connection with the transaction of official business' as used in the context of s.119.011(1), F. S., contemplates any documents made or received by the mayor in his official capacity as a municipal officer. See 67 C.J.S. Officers s. 104, defining `official capacity' as `the capacity in which a person acts, because he is an officer, lawfully appointed and qualified.' (Emphasis supplied.)
Prepared by: Patricia R. Gleason Sharyn L. Smith Assistant Attorneys General