Kenneth E. Easley Belleair Bluffs City Attorney Clearwater
QUESTION:
Is `medical information' gathered and included in a rescue report by an emergency medical team from the municipal fire department confidential and thereby excluded as a public record under ch. 119, F. S.?
SUMMARY:
In the absence of any statutory provision exempting the particular records in question, and information contained therein, from the personal inspection and examination requirements of ch. 119, F. S., and until judicially or legislatively determined to the contrary, the rescue reports containing `medical information' or `patient history' made by an emergency medical technician in performing his duties as a member of the fire department and received and kept by the municipal fire department of the City of Belleair Bluffs are public records and are subject to inspection, examination, and copying by any person desiring to do so as prescribed in ss. 119.07(1) and 119.08.
According to your letter and the rescue report form of the Belleair Bluffs Fire Department attached thereto, the City of Belleair Bluffs maintains an emergency vehicle equipped to provide emergency medical services to the community. The vehicle is manned by an emergency medical technician who is a member of the fire department. When providing such emergency medical services, the technician gathers certain information, including `medical information' and `patient history,' which apparently is required by the city fire department in making the rescue report and which is kept by and in the custodianship of the fire department. In a subsequent conversation with our office, you stated that the fire department is a municipal fire department funded by municipal funds and that the emergency medical technician performs these emergency medical services as a member of the fire department. You indicate in your letter that parties other than the person receiving the emergency medical or fire rescue services in question have requested copies of the rescue report, and you therefore inquire as to whether the fire department's rescue report, and the `medical information' contained therein, is a public record within the purview of ch. 119, F. S., subject to inspection and examination by any person desiring to do so as prescribed by s. 119.07(1).
Florida's Public Records Law, ch. 119, F. S., makes all state, county, and municipal records open to personal inspection by any person. Section 119.01. See also s. 119.07(1), requiring the custodian of public records to permit the inspection and examination of such records by any person desiring to do so, at reasonable times, under reasonable conditions, and under the supervision of the custodian of the records. A municipal fire department clearly is an `agency' within the meaning of s.119.011(2). See s. 119.011(2), which expressly defines any municipal officer or department or division as an `agency' for the purposes of ch. 119. Cf. Schwartzman v. Merritt Island Volunteer Fire Department, 352 So.2d 1230 (4 D.C.A. Fla., 1977), in which the court stated that `[a]ny fire department cannot help but be classified as an agency under the . . . definition in s.119.011(2)' and concluded that a nonprofit volunteer fire department was an `agency' under the provisions of s. 119.011(2). Thus, any report or record made or received by the municipal fire department pursuant to law or ordinance or in connection with the transaction of the fire department's official business is a public record open for personal inspection by any person desiring to do so, unless exempted therefrom pursuant to s. 119.07(3). See s.119.011(1), defining `public records.' See also City of Gainesville v. State ex rel. International Association of Firefighters, 298 So.2d 478 (1 D.C.A. Fla., 1974), holding that all documents made in the `normal' course of business are public records; and Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980), in considering what constituted a public record, stated:
 [W]e hold that a public record, for purposes of section 119.011(1), is any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type. . . . Inter-office memoranda and intra-office memoranda communicating information from one public employee to another or merely prepared for filing, even though not a part of an agency's later formal public product, would nonetheless constitute public records inasmuch as they supply the final evidence of knowledge obtained in connection with the transaction of official business.
Cf. Schwartzman v. Merritt Island Volunteer Fire Department,supra, in which the court, having concluded that the fire department was an `agency' under s. 119.011(2), stated that all of the fire department's records, including its membership files, minutes of its meetings, and its charitable activities, were public records within the purview of the Public Records Law. The custodian of such records is required to furnish copies or certified copies of the records upon payment of fees as provided in s. 119.07(1)(a). See also s. 119.07(1)(b), as to the imposition of additional fees for supervisory assistance when the nature or volume of the records is such as to require extensive clerical or supervisory assistance by personnel of the affected agency, and s. 119.08, as to the right of access of any person to make photographs of public records and the charges or compensation for supervisory costs.
The rescue report in question, with `medical information' contained therein, is made by a city fireman, a member of the city fire department, in the performance of his duties to provide the emergency medical or fire rescue services in question; the report is received and kept by the municipal fire department as part of its records and in connection with the official business of the fire department. It thus appears that such rescue reports and the `medical information' facially appearing thereon would be a public record within the purview of s. 119.011(1), F.S. Under s.119.07(1), F. S., such records are subject to disclosure as prescribed therein. Section 119.07(3), however, provides a limited exception to the provisions of s. 119.07(1) by stating that `[a]ll public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of subsection (1).' (Emphasis supplied.) See s.119.07(3)(b), which lists several such statutory exemptions. The Florida Supreme Court in Wait v. Florida Power Light Co.,372 So.2d 420 (Fla. 1979), directly construed s. 119.07(3) (then s.119.07(2)), and held that the language `provided by law' contained therein `excludes any judicially created privilege of confidentiality and exempts from public disclosure only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law.' Thus, records made or received by a public agency in connection with its official duties or the transaction of its official business will be confidential or exempt from public disclosure or inspection only if so provided by law.
My examination of the general laws (no applicable special law having been brought to my attention) fails to reveal any provision which would exempt these fire department rescue reports from public inspection and examination. Part III of ch. 401, F. S., which generally regulates emergency medical transportation services and advanced life support or fire rescue services, contains no such exemption for records made or received by municipal fire departments or by any emergency medical technician, paramedic, or fire rescue service personnel. Section 455.241, F. S., provides that the reports of any health care practitioner licensed pursuant to ch. 458 (medical practice), ch. 459 (osteopathy), ch. 460 (chiropractic), ch. 461 (podiatry), ch. 462 (naturopathy), ch. 463 (optometry), ch. 464 (nursing), ch. 466 (dentistry), or ch. 474 (veterinary medicine), regarding the physical or mental examination of or the administration of treatment to any person, `shall not be furnished to any person other than the patient or his legal representative, except upon written authorization of the patient . . . .' The medical information collected by the emergency medical technician/fireman and facially appearing on the fire department's rescue report, however, does not fall within this limited exception. Chapter 458 does not make any provision for the exemption of any `medical information,' `patient history,' or treatment information or data from the Public Records Law. In fact, s. 458.303(1)(e) expressly provides that ch. 458 shall have no application to any person furnishing medical assistance in case of an emergency. Section 458.16, F. S. 1977, has been repealed by s. 5 of ch. 79-302, Laws of Florida, and the relevant provisions of s. 458.16, as well as those of ch. 79-302, as enacted, now appear in s. 455.241. You refer to the provisions of ch. 405, F. S., which state that any person, hospital, sanatorium, nursing or rest home, or other organization may provide information relating to the condition and treatment of any person without liability for damages or other relief to certain research and other study groups for the purpose of advancing medical research or medical education in the interest of reducing morbidity or mortality, provided that the identity of the person whose condition or treatment has been studied shall be confidential and shall not be revealed under any circumstances. The provisions of this chapter thus implicitly authorize the limited provision and release of certain information (which would otherwise be confidential by virtue of other laws) to certain groups. I therefore cannot conclude that the foregoing provisions of ch. 405 impart any confidentiality to the records kept by the fire department or otherwise exempt the information on the fire department's rescue report or records from the personal inspection and examination requirements of s. 119.07(1), F. S., or the state policy declared in s. 119.01, F. S. No provision of ch. 405 purports to exempt any record, particularly the fire department rescue reports in question, from ss. 119.01 and 119.07(1). As held by the court in Wait v. Florida Power Light Co., supra, only those public records that are provided by statute to be confidential, or which are expressly exempted by statute, are exempt from public disclosure or personal inspection and examination by any person desiring to examine and copy such records. See also State ex rel. Cummer v. Pace, 159 So. 679 (Fla. 1935) (when the Legislature has made no exception to the Public Records Law, courts may not raise such exception by implication); News-Press Publishing Co. v. Wisher, 345 So.2d 646 (Fla. 1977); and State ex rel. Veale v. City of Boca Raton, 353 So.2d 1194 (4 D.C.A. Fla., 1977). Thus, there does not appear to be any exemption in general law (and no special law providing for any such exemption has been brought to my attention) from the personal inspection, examination, and copying provisions of ss. 119.01,119.07, and 119.08, F. S., for the rescue reports or records in question. Cf. AGO 072-303 (medical reports submitted to Department of Highway Safety and Motor Vehicles are public records within purview of s. 119.011, F. S., and are not made confidential by law).
You inquire as to whether these records may be exempt under a state constitutional right of privacy. The Florida Supreme Court recently considered whether such a right existed under the State Constitution which would exempt certain types of records from public disclosure. In Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980), the court stated that `there is no support in the language of any provision of the Florida Constitution or in the judicial decisions of this state to sustain the district court's finding of a state constitutional right of disclosural privacy.'
Prepared by: Joslyn Wilson, Assistant Attorney General