PER CURIAM.
Bay County School Board [School Board] appeals an order of the Florida Public Employees Relations Commission [PERC] finding it guilty of an unfair labor practice for failure to provide budget work sheets to the Association of Bay County Educators [ABCE] following their written request. The issue to be decided .is whether these work sheets are exempted from disclosure under the Public Records Law, Chapter 119, Florida Statutes, by virtue of Section 447.-605(3), Florida Statutes (1977). We hold they are not.
Section 119.01, Florida Statutes (1977) declares that “all state, county, and municipal records shall at all times be open for a personal inspection by any person.” Public records are defined as “. . . all documents, papers, letters, ... or other material, regardless of physical form oí characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.” § 119.011(1), Fla.Stat. (1977). School Board does not challenge PERC’s conclusion that the budget work sheets constituted “public records” within Section 119.011(1), Florida Statutes (1977).[1] Rather, School Board submits that the work sheets are expressly exempted by general law, viz, Section 447.605(3), Florida Statutes (1977), which provides:
(3) All work products developed by the public employer in preparation for negotiations, and during negotiations, shall be exempt from Chapter 119.
*749 In City of Gainesville v. State ex rel. International Association of Fire Fighters, Local No. 2157, 298 So.2d 478 (Fla. 1st DCA 1974), this court indicated that budgetary proposals prepared in the normal and required course of municipal business would not be exempt under Section 447.023(3), Ch. 74-100, § 3, Laws of Fla. [renumbered as Section 447.605(3)], since the statute exempts only materials developed by the public employer in preparation for or during labor negotiations. In In re: The Petition for Declaratory Statement of United Teachers of Dade, 4 FPER ¶4250 (1978), PERC discussed the exemption created by Section 447.605(3). PERC noted:
Public employers make use of many public records in preparation for and during negotiations, but unless those records are ‘developed by the public employer in preparation for negotiations, and during negotiations,’ they are not exempt under Section 447.605(3). . . . Records which are prepared for other purposes do not, as a result of being used in negotiations, come within the exemption of Section 447.605(3).
There is competent, substantial evidence to support PERC’s finding that the work sheets were prepared to assist the School Board in developing its 1978-79 budget. The fact that the work sheets were subsequently used to assist the School Board in collective bargaining negotiations with ABCE did not render the documents exempt from the Public Records Act under Section 447.605(3). Accordingly, the order appealed is affirmed.
MILLS, C. J., and ERVIN and SHIVERS, JJ., concur.

. Even if this issue were properly before us, we agree with PERC’s conclusion since the work sheets were “material[s] prepared in connection with official agency business which [are] intended to perpetuate, communicate, or formalize knowledge of some type,” were intended as final evidence of the knowledge to be recorded, and were not mere precursors of governmental records. Shevin v. Byron Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980).