**PORTER INDUSTRIES, INC., a Colorado corporation, Plaintiff-Appellant,**

v.

**George A. HIGGINS, Defendant-Appellee.**

**No. 83CA0122.**

Colorado Court of Appeals,
Div. II.

April 5, 1984.

Burton & Busch, P.C., W.M. Busch, Jr., Loveland, for plaintiff-appellant.

Swain & Paulter, Marcia Swain, Fort Collins, for defendant-appellee.

BERMAN, Judge.

Plaintiff appeals the trial court's denial of a motion for preliminary injunction for defendant's alleged violation of a covenant not to compete with plaintiff. We affirm.

Plaintiff (employer) is a janitorial services contractor for commercial buildings in Fort Collins, Greeley, Loveland, Boulder, and Estes Park, Colorado. On November 11, 1980, employer entered into an employment contract with defendant (employee) which provided that employee was "to oversee, manage, and maintain all existing contracts of employer for [janitorial] services."

The contract also included a "Restrictive Covenant Not To Compete Nor To Disclose Information," under which covenant the employee agreed, *inter alia*, not to own or participate in or be employed by or render

services in connection with any business similar to employer's business within a 50-mile radius of Fort Collins, Windsor, Greeley, Estes Park, Cheyenne, Boulder, and Loveland for a period of two years after ceasing to be employed by employer. Under this covenant, employee also agreed that, in the event of his breach of the covenant, he would admit irreparable injury and employer's right to equitable relief by way of legal injunction.

On May 26, 1982, employer terminated employee's employment, allegedly for employee's lack of dependability. On June 3, 1982, the employee informed employer that he intended to "rescind" the covenant and to solicit employer's existing customers. The record reflects that employee did, in fact, carry out these intentions with regard to several current customers of employer.

In response, the employer commenced this action against employee for an injunction enforcing the non-competition covenants, damages for its breach, and for costs and attorney's fees as set forth in the employment contract. In that action, employer filed a motion for preliminary injunction, which motion was denied. This appeal followed.

■ In order to be entitled to a preliminary injunction, employer must establish, *inter alia,* that the covenant not to compete is not void under § 8–2–113(2), C.R.S. Sections 8–2–113(2)(b) and (d), which are the only sub-subsections relevant here, provide:

"Any covenant not to compete which restricts the right of any person to receive compensation for performance of skilled or unskilled labor for any employer shall be void, but this subsection (2) shall not apply to: ... (b) Any contract for the protection of trade secrets; ... (d) Executive and management personnel and officers and employees who constitute professional staff to executive and management personnel."

Thus, the employer was required to show that the covenant fell under one of the exceptions to the statute, *i.e.,* either that the covenant was for the protection of trade secrets or that the employee was a member of executive or management personnel or was an officer or employee constituting professional staff to executive and management personnel. Employer contends that the trial court erred in finding that the covenant was not for the protection of trade secrets and in finding that the employee was not personnel of the variety described in § 8–2–113(2)(d), C.R.S. We disagree.

■ What constitutes a "trade secret" is a question of fact for the trial court. *Telex Corp. v. IBM Corp.,* 510 F.2d 894 (10th Cir.1975). Therefore, if resolution of the issue is supported by the record, we will not disturb the court's finding that there are no trade secrets to be protected by the contract at issue here. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

"An exact definition of a trade secret may not be possible, but factors to be considered in recognizing a trade secret are: (1) the extent to which the information is known outside the business, (2) the extent to which it is known to those inside the business, *i.e.,* by the employees, (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information, (4) the savings effected and the value to the holder in having the information as against competitors, (5) the amount of effort or money expended in obtaining and developing the information, and (6) the amount of time and expense it would take for others to acquire and duplicate the information." *Southwestern Bell Telephone Co. v. State Compensation Commission,* 6 Kan.App.2d 444, 629 P.2d 1174 (1981). The United States Supreme Court has stated that:

"The most commonly accepted definition of trade secrets is restricted to confidential information which is not disclosed in the normal process of exploitation. *See Restatement of Torts,* § 757, Comment b, p. 5 (1939)." *Aronson v. Quick Point Pencil Co.,* 440 U.S. 257, 99 S.Ct. 1096, 59 L.Ed.2d 296 (1979).

Here, the only "trade secret" to which employer lays claim is its own pricing and bidding structure. Employer posits no authority, nor do we find any, supporting its view that this structure constitutes a "trade secret" within the contemplation of § 8–2–113(2)(b). Furthermore, there was almost no evidence favorable to employer regarding the above factors which are usually considered by a court in determining whether a "trade secret" actually exists as the subject of a non-competition clause. Therefore, the record supports the trial court in finding the existence of no trade secret.

Similarly, the determination of whether employee was "executive and management personnel . *r*. officers ... employees who constitute professional staff to executive and management personnel" is a question of fact for resolution by the trial court. Hence, again, unless there is no evidentiary support for its ruling, we will not disturb the trial court's finding that the employee did not fit into the statutory exception concerning executive and management personnel. *See Page v. Clark, supra.*

Here, the record reflects that employee's job title was that of a company representative and salesperson salaried at $1,400 per month. His duties were to negotiate and sell contracts, make sales calls, keep updated contracts filed, and to promote employer's business. Employee was not "in charge" of the business' existing contracts and did not act in an unsupervised capacity. Under these circumstances, we hold that the record supports the trial court finding that employee is not management or executive personnel within the purview of § 8–2–113(2)(d).

Accordingly, since employer has failed in its burden to show any exclusion under § 8–2–113(2), the covenant not to compete is void by the express terms of that statute, and the trial court's denial of employer's motion for a preliminary injunction was proper.

Judgment affirmed.

KELLY and BABCOCK, JJ., concur.