**NETWORK TELECOMMUNICATIONS, INC., d/b/a Nettel, a Colorado corporation, Plaintiff–Appellant,**

v.

**Diane BOOR–CREPEAU and Automated Communications, Inc., d/b/a ACI, a Colorado corporation, Defendants–Appellees.**

No. 89CA0411.

Colorado Court of Appeals, Div. III.

March 15, 1990.

Brenman Raskin Friedlob & Tenenbaum, P.C., Richard C. Goldberg and David H. Wollins, Denver, for plaintiff-appellant.

No appearance for defendant-appellee Boor–Crepeau.

Ted W. Trauernicht, Denver, for defendants-appellees Automated Communications, Inc. d/b/a ACI.

Opinion by Judge METZGER.

In this action for misappropriation of trade secrets, interference with business opportunities, and business slander, plaintiff, Network Telecommunications, Inc., d/b/a Nettel, appeals the trial court order denying its motions for temporary restraining order and preliminary injunction. We reverse and remand.

Plaintiff's pleadings asserted the following facts. Plaintiff sells long-distance telephone service and has compiled a list of its customers. This list was created over several years through substantial expense and effort, and plaintiff considers the list to be a significant business advantage. Access to the list is limited, and each week distributed lists are collected, accounted for, and shredded. Employees who have access to copies of the list are informed that the list is restricted and confidential. Plaintiff regards its customer list as a trade secret.

Defendant Diane Boor–Crepeau (Crepeau), a former employee of plaintiff, is

now employed by defendant Automated Communications, Inc. (ACI), which sells long-distance telephone service in competition with plaintiff. Crepeau was an employee of plaintiff entrusted with the customer list. Plaintiff asserted that, since joining ACI, Crepeau has used plaintiff's customer list, to her business advantage.

Plaintiff sought a temporary restraining order and preliminary injunction to prevent further alleged use of its customer list by defendants. At the injunction hearing, the trial court took testimony from one witness on an unrelated issue and listened to the arguments of counsel. It then determined as a matter of law that customer lists are not trade secrets, precluded further offers and presentation of evidence, and denied plaintiff's motions.

## I.

■ Plaintiff contends that the trial court erred in determining as a matter of law that customer lists are not, and cannot be, trade secrets. We agree.

As of July 1, 1986, the General Assembly enacted the Colorado Uniform Trade Secrets Act, which articulated standards and procedures to be followed in preserving trade secrets and for determining remedies against those who misappropriate trade secrets. This Act provides in pertinent part:

> " 'Trade secret' means the whole or any portion or phase of any ... listing of names, addresses, or telephone numbers, or other information relating to any business or profession which is secret and of value."

Section 7–74–102(4), C.R.S. (1986 Repl.Vol. 3A); see also § 18–4–408(2)(d), C.R.S. (1986 Repl.Vol. 8B).

It is undisputed that the actions of defendant occurred after the effective date of the statute; thus, its provisions must be applied here. The statute is clear and unambiguous on its face and, accordingly, must be applied as written. *Griffin v. S.W. Devanney & Co.*, 775 P.2d 555 (Colo. 1989). Since the statute plainly says that listings of names may be trade secrets, we conclude that the trial court erred in ruling as a matter of law that listings of customer names cannot be trade secrets.

## II.

Likewise, we conclude that the trial court erred in foreclosing plaintiff's opportunity to present evidence to support its contention that these customer lists were entitled to protection under the Uniform Trade Secrets Act.

■ What constitutes a trade secret is a question of fact for the trial court. *Mulei v. Jet Courier Service, Inc.*, 739 P.2d 889 (Colo.App.1987), rev'd on other grounds 771 P.2d 486 (Colo.1989). Although an exact definition of a trade secret may not be possible, several factors may be considered in determining whether a customer list constitutes a trade secret.

The Colorado Uniform Trade Secrets Act provides that, in order for something to be considered a trade secret, "the owner [of the secret] must have taken measures to prevent the secret from becoming available to persons other than those selected by the owner to have access thereto for limited purposes." Section 7–74–102(4), C.R.S. (1986 Repl.Vol. 3A). This language is similar to that contained in the Uniform Trade Secrets Act, which provides that the alleged secret must be: "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Uniform Trade Secrets Act § 1(4)(ii), 14 *Uniform Laws Annot.* 541 (1980).

The Commissioner's comments to the Uniform Trade Secrets Act note that reasonable efforts to maintain secrecy have been held to include advising employees of the existence of a trade secret, limiting access to a trade secret on a "need to know basis," and controlling plant access. The efforts to maintain secrecy are those reasonable under the circumstances and do not require that extreme and unduly expensive procedures be taken to protect trade secrets. Uniform Trade Secrets Act § 1 (commentary), 14 *Uniform Laws Annot.* 541 (1980). *See also* Ely & McGuire, *Help for Colorado Trade Secret Owners*, 15 Colo.Law.1993 (November 1986).

Before the passage of the Colorado Trade Secrets Act Colorado courts used several factors in order to make the factual determination whether a trade secret existed: 1) the extent to which the information is known outside the business; 2) the extent to which it is known to those inside the business, *i.e.*, by the employees; 3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; 4) the savings effected and the value to the holder in having the information as against competitors; 5) the amount of effort or money expended in obtaining and developing the information; and 6) the amount of time and expense it would take for others to acquire and duplicate the information. *Porter Industries, Inc. v. Higgins,* 680 P.2d 1339 (Colo.App. 1984).

The factors set out in *Higgins* are helpful to an analysis of trade secrets as defined in the Colorado Uniform Trade Secrets Act, and may be used to provide guidance in determining the existence of a trade secret. Consequently, even though that case was decided before enactment of the Colorado Uniform Trade Secrets Act, its reasoning still applies.

■ We recognize that the granting or denial of a preliminary injunction is a matter within the sound discretion of the trial court and that its ruling thereon will not be disturbed except in case of an abuse of discretion. *Crosby v. Watson,* 144 Colo. 216, 355 P.2d 958 (1960). The sound exercise of the trial court's discretion, however, is predicated upon its examination of substantial competent evidence presented. The erroneous exclusion of evidence will result in reversal if the exclusion affected a substantial right of a party. *Banek v. Thomas,* 733 P.2d 1171 (Colo.1986).

■ In our view, the trial court here abused its discretion by refusing to conduct a hearing and by refusing to allow plaintiff an opportunity to present evidence concerning its allegations.

Accordingly, the order is reversed, and the cause is remanded for a hearing to determine whether plaintiff's customer list constitutes a trade secret and, if so, to determine whether defendants should be restrained and enjoined from the alleged use of that information.

TURSI and CRISWELL, JJ., concur.