Janet S. Leeser City Clerk City of Cape Canaveral
QUESTION: When do the minutes of city council meetings become public records: when the clerk prepares the minutes to be sent to the city council for its review, when the minutes are actually transmitted, or when they are officially approved by the city council?
SUMMARY: The minutes of city council meetings are public records when the clerk has performed his or her duty to prepare the minutes even though they have not yet been sent to the city council members and have not been officially approved by the city council.
Section 286.011, F.S., requires that minutes of a board or commission meeting be promptly recorded and open to public inspection. You have advised this office that under the city charter and ordinances, the clerk is responsible for preparing the minutes of the city council meetings "in final form." Copies of the minutes are sent to the council members for review together with the agenda for the next city council meeting. You state that since the agenda frequently is not yet available when the minutes have been prepared, the minutes may not be sent to the city council members until several days after their preparation in final form by the clerk. The minutes are then considered and officially approved by the city council at its next meeting.[1]
Pursuant to Ch. 119, F.S., the Public Records Law, every person having custody of public records is required to permit them to be inspected at reasonable times and under reasonable conditions and shall furnish copies of each record upon payment of the fees prescribed by law.[2] The term "public records" has been broadly interpreted to encompass all material made or received by an agency in connection with the transaction of official business which is used to perpetuate, communicate, or formalize knowledge.[3]
To be contrasted with "public records" are those uncirculated materials which are merely preliminary or precursors to future documents and which are not, in and of themselves, intended to serve as final evidence of the knowledge to be recorded. The Supreme Court of Florida, in Byron, Harless, Schaffer, Reid and Associates, Inc.,[4] in considering what constitutes "precursors to public records" referred to "rough drafts, notes to be used in preparing some other documentary material, and tapes or notes taken by a secretary as dictation." If, however, the purpose of a document is to perpetuate, communicate or formalize knowledge, then it is a public record regardless of whether it is in final form or the ultimate product of the agency.[5]
You have advised this office that it is the responsibility of the clerk to prepare the minutes of the city council meetings. Approval of the minutes rests with the city council. When the clerk has performed his or her duty to prepare the minutes "in final form," the minutes would no longer appear to constitute mere precursors to public records even though they have not been sent to the city council members or officially adopted. The minutes at that point formalize knowledge and, therefore, constitute public records subject to disclosure.
Accordingly, I am of the opinion that the minutes of the city council meetings are public records when the clerk has performed her duty to prepare the minutes even though they have not yet been sent to the city council members and have not been officially approved by the city council.
RAB/tjw
[1] See, AGO 74-294 in which this office stated that board members may circulate a draft of the minutes of the board's previous meeting for review and suggestions to the board's secretary for amendments to the draft which, together with the suggestions, would be discussed and voted on at the next meeting. This office predicated its conclusion in part on the assumption that the original draft of the minutes were "open for inspection to the public during the time it is circulating among the members."
[2] See, s. 119.07(1)(a), F.S. (1990 Supp.). Andsee, s. 119.07(3)(a), F.S. (1990 Supp.), which contains an exception from the mandatory disclosure provisions of s. 119.07(1) for those public records which are provided by law to be confidential or which are prohibited by law from being inspected.
[3] See, Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633, 640 (Fla. 1980). And see, s.119.011(1), F.S., defining "Public records" to include "all documents, papers, letters, maps, books, tapes, . . . or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." And see, s.119.011(2), F.S., which defines "Agency" to expressly include municipal officers.
[4] 379 So.2d 633, 640 (Fla. 1980).
[5] See, Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., supra; Warden v. Bennett, 340 So.2d 977 (2 D.C.A. Fla., 1976) (working papers used in preparing a college budget were public records). And see, AGO 74-215 stating that Ch. 119, F.S., contains no exception for working papers or preliminary data or the like which public agencies may rely on to prevent inspection of documents by a citizen.