Ms. Cynthia Prettyman Palm Beach County School District General Counsel 3318 Forest Hill Boulevard West Palm Beach, Florida 33406-5813
Dear Ms. Prettyman:
On behalf of the Palm Beach County School Board, you ask substantially the following questions:
1. Are the written comments and performance memoranda of the individual school board members evaluating an appointed superintendent and the summation evaluation prepared by the board confidential pursuant to section 231.291, Florida Statutes (1996 Supplement)?
2. Do meetings of individual school board members with the superintendent to review the school board member's written comments and performance memorandum violate section 286.011, Florida Statutes?
In sum:
1. The written comments and performance memoranda prepared by individual school board members regarding an appointed superintendent and the summation evaluation prepared by the board are not exempt from disclosure pursuant to section 231.291, Florida Statutes (1996 Supplement).
2. Meetings of individual school board members with the superintendent to discuss the individual board members' evaluations do not violate section 286.011, Florida Statutes, when such evaluations do not become the board's evaluation until they are compiled and discussed at a public meeting by the school board for adoption by the board.
You state that the school board evaluates the superintendent's job performance annually. Each board member is responsible for completing a form rating the superintendent on key job requirements. The completed form will also include written comments. The completed form is sent to the superintendent and a meeting is scheduled between the superintendent and the individual school board member, during which the performance evaluations and written comments are discussed. The evaluations are compiled into an official "summative evaluation" that is then discussed and approved at a public meeting of the school board.
Question One
Chapter 119, Florida Statutes, the Public Records Law, requires that all public records be open at all times for personal inspection by any person. Section 119.011(1), Florida Statutes (1996 Supplement), defines "public records" to include
"all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."
The Supreme Court of Florida in Shevin v. Byron, Harless,Schaffer, Reid and Associates, Inc.,[1] has construed the above statutory definition to include "any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type."
The written comments and performance memoranda of the school board members that are discussed with the superintendent and the school board's "summative evaluation" are prepared in connection with the official business of the school board and appear to be intended to perpetuate, communicate or formalize knowledge.[2] Thus, such materials constitute public records and are, in the absence of a statute making such records confidential or exempt, subject to disclosure.
Section 231.291, Florida Statutes (1996 Supplement), provides for the maintenance of public school system employee personnel files.
Subsection (3)(a)2. of the statute provides:
"An employee evaluation prepared pursuant to s. 231.17(3), s. 231.29, or 231.36 or rules adopted by the State Board of Education or local school board under the authority of those sections shall be confidential and exempt from the provisions of s. 119.07(1) until the end of the school year immediately following the school year in which the evaluation was made. No evaluation prepared before July 1, 1983, shall be made public pursuant to this section."
Your inquiry concerns an appointed superintendent.[3] The Supreme Court has recognized a distinction between an elected superintendent and an appointed superintendent, stating
"Fla. Const., Art. IX, s. 5, sets forth a clear distinction between those instances in which school districts remain under the constitutional category of elected school superintendents and that separate class of superintendents created by constitutional amendment wherein districts are allowed to vote to have a locally employed superintendent. . . . Such an entirely new plan created by express constitutional amendment submitted to a statewide vote was not merely to change the "means of selection" of the superintendent and nothing else. . . . This optional method constituted an entirely different scheme as opposed to that of election of the superintendent as a constitutional officer. It provided a separate local option of local employment and service of a superintendent under the district school board."[4]
Thus, where a school district has decided on an appointed superintendent, the district school board has the "sole authority and responsibility to remove its employed superintendent who is subject to the direction, hiring and firing by the employing authority. . . ."[5]
While an appointed superintendent may be considered an employee of the school board for some purposes,[6] he is not evaluated pursuant to sections 231.17(3), 231.29 or 231.36, Florida Statutes, or the rules adopted pursuant to those statutes. Section 231.17(3), Florida Statutes (1996 Supplement), relates to a district's professional orientation program for "beginning teachers, teachers employed in the state for the first time, and teachers whose professional certificates are inactive." Section 231.29, Florida Statutes, provides for the superintendent to establish procedures for assessing the performance of instructional, administrative, and supervisory personnel while section 231.36, Florida Statutes (1996 Supplement), provides for contracts with instructional staff, supervisors, and principals.[7]
Accordingly, I am of the opinion that the exemption afforded by section 231.291, Florida Statutes (1996 Supplement), for employee evaluations is not applicable to written comments of the individual school board members evaluating an appointed superintendent and the "summative evaluation" prepared by the school board.
Question Two
The Government in the Sunshine Law, section 286.011, Florida Statutes, requires that all meetings of a public board or commission at which official acts are to be taken be open to the public. The statute has been held to extend to the discussions and deliberations of, as well as formal action taken by, a public board or commission.[8]
In analyzing the applicability of the Sunshine Law, The Supreme Court of Florida has stated that the statute must be construed "so as to frustrate all evasive devices."[9] Accordingly, this office has stated that the physical presence of two or more members of a board or commission may not be necessary for the Sunshine Law to apply.[10]
For example, this office has stated that the use of a memorandum by a board or commission to avoid a public meeting may constitute a violation of the Sunshine Law even though two members are not physically present. If a memorandum reflecting the views of a board member on an issue pending before the board is circulated to other board members with each indicating approval or disapproval and completion of the signatures gives the memorandum the effect of becoming the official action of the board, there is a violation of the Sunshine Law.[11]
However, use of an informational report by one member to inform other board members of a subject that would be discussed at a public meeting does not violate section 286.011, Florida Statutes, if prior to the meeting there is no interaction related to the report among the board members. In such a case, the report, which is subject to disclosure under Chapter 119, Florida Statutes, is not being used as a substitute for action at a public meeting as there is no interaction among the commissioners prior to the meeting.[12]
This office concluded in Attorney General Opinion 93-90 that where a board is responsible for assessing the performance of its chief executive officer (CEO), it may not use a proceeding in which individual board members evaluate the CEO and such individual written comments, which are sent to the board chairman for compilation, constitute the board's evaluation. In the instant inquiry, however, the individual board members' evaluations are not circulated for comment among the other school board members nor do they constitute the school board's evaluation. Rather the individual evaluations are compiled into a "summative evaluation" that is then considered by the school board as a body and voted upon at a public meeting.
Accordingly, I am of the opinion that an individual school board member may meet with the superintendent to discuss the individual board member's written comments and performance evaluation memoranda of the superintendent, which are public records, without violating section 286.011, Florida Statutes, when such evaluation does not become the board's evaluation until all the evaluations are compiled and discussed at a public meeting by the school board for adoption by the board.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] 379 So.2d 633, 640 (Fla. 1980).
[2] The courts have held that the fact that records may be a part of the preliminary process does not detract from their essential character as public records if circulated for review, comment or information. See, Warden v. Bennett, 340 So.2d 977
(Fla. 2d DCA 1976) (working papers used in preparing agency budget are public records); Times Publishing Company, Inc. v. City of St.Petersburg, 558 So.2d 487 (Fla. 2d DCA 1990). Cf., Florida SugarCane League v. Florida Department of Environmental Regulation, Case No. 91-4218 (Fla. 2d Cir., June 5, 1992), stating that handwritten notes of staff "utilized to communicate and formalize knowledge within [the agency], are public records[.]"
[3] See, Art. IX, s. 5, Fla. Const., stating that the superintendent shall be elected "or, when provided by resolution of the district school board, or by special law, approved by vote of the electors, the district school superintendent in any school district shall be employed by the district school board as provided by general law."
[4] In re Advisory Opinion to the Governor, 298 So.2d 366, 368
(Fla. 1974).
[5] Id.
[6] But see, s. 230.321, Fla. Stat., which refers to an appointed superintendent as "the executive officer of the school board."
[7] See, s. 228.041(10)(a), Fla. Stat. (1995), which defined "Supervisor" as a "non-school-based employee, qualified in accordance with s. 231.15, who is assigned responsibility for working directly with teachers and other personnel in improvement of the instructional program." And see, ss. 230.23 and 230.33, Fla. Stat. (1996 Supp.), providing for contracts with school personnel while a different statute, s. 230.321(2), Fla. Stat., provides for the school board to contract with an appointed superintendent.
[8] See, Times Publishing Company v. Williams, 222 So.2d 470,473 (Fla. 2d DCA 1969) (entire decision-making process affected by the Sunshine Law).
[9] Town of Palm Beach v. Gradison, 296 So.2d 473, 477 (Fla. 1974).
[10] See, e.g., Ops. Att'y Gen. Fla. 84-54 (1984) (meeting between representatives of a private organization and city commissioner appointed to act on the commission's behalf is subject to s. 286.011, Fla. Stat.), and 74-47 (1974) (city manager who acts as liaison between board members or acts in place of board members at their direction is subject to Sunshine Law).
[11] See, Inf. Op. to Mr. John Blair, June 29, 1973.
[12] Attorney General Opinion 89-23 (1989); and see, Op. Att'y Gen. Fla. 96-35 (1996).