997 So.2d 1289 (2009)
MIAMI-DADE COUNTY, Appellant,
v.
PROFESSIONAL LAW ENFORCEMENT ASSOCIATION, Appellee.
No. 3D08-1403.
District Court of Appeal of Florida, Third District.
January 14, 2009.
*1290 R.A. Cuevas, Jr., Miami-Dade County Attorney, and Roy Wood, Assistant County Attorney, for appellant.
Terri Gutman Valdes, for appellee.
Before CORTIÑAS and SALTER, JJ., and SCHWARTZ, Senior Judge.
SALTER, J.
Miami-Dade County appeals a circuit court order granting a petition for mandamus filed by the Professional Law Enforcement Association. The order requires the aviation unit of the County Police Department to allow the Association to inspect and copy the pilots' personal flight logs as "public records" within the meaning of section 119.011(11), Florida Statutes (2008).
We affirm the order insofar as it relates to personal flight log entries for flights which occurred during the time the Police Department pilots have been assigned by the County to the aviation unit, but we clarify that the order does not extend to entries for flights before or after such assignment. Although the order found that "[t]he personal flight logs are a matter of public record," the Association's original request was limited, and properly so, to the dates the aviation unit officers were assigned to the unit.
The original flight logs are maintained by, and are the personal property of, the individual pilots. The logs record a pilot's lifetime of training and "aeronautical experience" necessary to meet certification, rating, and experience requirements imposed by the Federal Aviation Administration. See 14 C.F.R. § 61.51 (2008). Entries typically would include a pilot's first solo flight, any military ratings and flights, personal recreational flights, and trainer time, in addition to any County Police Department aviation unit flights.
Information logged by a pilot in his or her personal flight log while employed by the County aviation unit becomes relevant because the unit's written operating procedures require each pilot to "maintain personal flight logs" as part of the pilot's administrative duties. The officers are thus paid by the County to make these logbook entries, and the entries are made "in connection with the transaction of official *1291 business"[1] of the aviation unit. The entries are readily distinguishable from the purely personal e-mails at issue in State v. City of Clearwater, 863 So.2d 149 (Fla.2003).
The County did not plead any statutory exemption as a basis for non-production, but argues that inspection and copying of the aviation unit's separate "daily activity reports" for unit flights should suffice. That argument is unavailing; the fact that pertinent information may exist in more than one format is not a basis for exemption or denial of the request. Warden v. Bennett, 340 So.2d 977 (Fla. 2d DCA 1976).
Affirmed.
NOTES
[1] The quoted language is one of the two alternative predicates identifying a "public record" under section 119.011(11). Entries for non-County, personal recreational flights (but during a time in which the pilot is assigned to the County Police Department aviation unit) are also pertinent because they relate to a pilot's flight hours for FAA currency or certification requirementsa condition of continued employment by the aviation unit.