No. 18,927.

Charles D. Crosby, et al. *v.* R. Gordon Watson, et al.
(355 P. [2d] 958)

Decided October 10, 1960.

Mr. George J. Francis, for plaintiffs in error.

Mr. Donald E. La Mora, for defendants in error.

*In Department.*

Per Curiam.

The parties appear here as in the trial court and will be so referred to herein.

This review involves a denial by the trial court of plaintiffs' motion for a preliminary prohibitory injunction with reference to easements claimed by plaintiffs by adverse use through defendant's lands to their own lands in Douglas County.

Plaintiffs' lands consist of three parcels aggregating 628 acres, used for pasture of cattle. The main portions of the property are known as the Orion Angus ranch on the west; the easterly part of 160 acres as the Castiles; and Dellwood Springs, a 40-acre tract to the north. The defendants' property is a 61-acre fishing resort which lies east of the Orion Angus ranch, west of the Castiles and south of Dellwood Springs, and is noncontiguous to the lands of plaintiffs.

It is claimed by the plaintiffs that the easements run over and along a so-called "Bergen trail or old road," from U. S. Highway 67 easterly through and beyond the Orion Angus ranch to and over defendants' property; thence easterly to the Castiles; and from the portion of defendants' premises lying across Trout Creek, running thence in a northerly direction and parallel with the creek to Dellwood Springs.

Following a hearing and a view of the premises, the trial court on October 31, 1958, entered an order containing findings among which were that the plaintiffs failed to make a *prima facie* case in that there was no showing that their predecessors in title, or the public, "made adverse use of easements over defendants' lands;" and that any use made of such alleged easements was only permissive and not adverse in nature.

Claiming error by the trial court in denying a preliminary injunction enjoining the defendants from preventing plaintiffs having ingress to and egress from defendants' land to their own lands, the plaintiffs are here seeking a reversal of that order.

The transcript of the evidence is composed of two volumes with exhibits. Many witnesses were called by both sides and gave testimony at the preliminary injunction hearing. The evidence, pro and con, is substantial but also highly conflicting. Certain muniments of defendants' title, as far back as the year 1912, show conveyances of real property therein described "subject to all rights of way and easements of a public or private

nature across or upon any of the above described lands;" and the deed of conveyance to the defendants was delivered in March 1954 "subject to restrictions of record." None was specifically described. Plaintiffs' evidence tended to show that the claimed easements were used for a long period of time and were well established. The defendants produced evidence designed to prove that there were only early-day trails which were infrequently used and that the roads in dispute, and bridges, were constructed by them for their own uses and purposes; that they maintained a gate or gates across such roads; and that use of the roads by others was only by permission. The trial judge viewed the premises before entering his order.

1. It is plain that from the evidence and view the trial court was of the opinion that the plaintiffs did not show a right to a preliminary injunction. No useful purpose would be accomplished by setting forth in detail the evidence received at the hearing, and we find no justification therein for disturbing the findings and order of the trial court.

Our former decisions, to which we adhere, hold that the granting or denial of a preliminary injunction is a matter in the sound discretion of the trial court and that its determination with reference thereto will not be disturbed except in case of abuse of discretion. *Spickerman v. Sproul,* 138 Colo. 13, 328 P. (2d) 87, and many other cases. It is equally well settled that the findings of fact of the trial court, if based upon substantial competent evidence, are binding upon this court, and that we will not substitute our conclusions from the facts for those of the trial court. This is so even though there be credible evidence warranting findings different from those of the trial court. *Gold, Silver and Tungsten, Inc. v. Wallace, Executor, et al.,* 104 Colo. 273, 91 P. (2d) 975.

2. Plaintiffs insist that a preliminary injunction should have been ordered to preserve the *status quo* of

the parties until a determination of their rights upon final hearing. .Had a clear right to a temporary injunction been shown, plaintiffs' contention would be correct. Injunctive relief should not be loosely granted. Plaintiffs, as well as the defendants, will have an opportunity to present their case in full at a trial on the merits.

· Concluding as we do that the matter was one resting in the sound discretion of the trial court, the order denying the motion for a preliminary injunction is affirmed.

MR. JUSTICE HALL, MR. JUSTICE DAY and MR. JUSTICE DOYLE concur.