Kristopher Juris ZUMENTS, by his next friend and guardian, Joan Marie ZUMENTS; Timothy Francis Cornell, by his next friend and guardian, Larry L. Cornell; Bryan Kent Schauer, by his next friend and guardian, John P. Schauer; Don Clark Schlaht, by his next friend and guardian, John H. Schlaht; and Eric Dennis Patten, by his next friend and guardian, Eleanor Jean Patten, Plaintiffs-Appellees,

v.

COLORADO HIGH SCHOOL ACTIVITIES ASSOCIATION, Defendant-Appellant.

No. 85CA0452.

Colorado Court of Appeals, Div. II.

April 2, 1987.

---

Burns & Figa, P.C., Hugh A. Burns, Phillip S. Figa, Denver, for plaintiffs-appellees.

Caplan and Earnest, Gerald A. Caplan, Alexander Halpern, Boulder, for defendant-appellant.

SMITH, Judge.

Defendant, Colorado High School Activities Association (CHSAA), appeals the order of the trial court granting a preliminary injunction to plaintiffs. We reverse.

This action was brought on behalf of five student athletes enrolled in various Colorado public high schools against CHSAA, a voluntary, unincorporated association of public and private high schools in Colorado which serves as the central governing body for interscholastic athletics and other activities among its member schools.

Plaintiffs, who are participants, or would be participants, in interscholastic swimming competition at their respective high schools, alleged in their complaint, *inter alia*, that CHSAA Athletic Bylaw § 6 governing "outside competition" violates their rights to freedom of association, due process of law, and equal protection of the laws under the United States and Colorado Constitutions, and sought a preliminary injunction prohibiting its enforcement.

The outside competition rule provides:

"Players certified to participate as members of any high school sport may not compete on any other team, nor in any non-school activity or event in that sport during that sports season. . . .

. . . . .

[A]ny player who does so participate in violation of this rule shall not be eligible to participate in a specific or all interscholastic athletic activities for a period of time to be determined by the [CHSAA] Commissioner."

Another provision in the bylaws allows for waiver of this rule if the student athlete wishes to compete in an international competition, or if an individual has qualified and received invitations to try out for national teams recognized by the United States Olympic Committee as a means of qualifying for membership on Olympic

teams. Additionally, athletes may practice with non-school teams during the season with the approval of their high school principal.

The trial court found that there is no constitutionally protected right to participate in interscholastic athletics; rather, such participation is a mere expectation. Therefore, the court found that the outside competition rule did not violate plaintiffs' state or federal rights to due process of law.

It also rejected plaintiffs' argument that the rule denied them their fundamental right of association under the First Amendment holding that there is no freedom of association issue here. Under the rule in question all students are free to compete, or otherwise participate in any or all non-school events. Rather than impinging upon their right of free association, the rule merely delineates under what terms and conditions they may participate in interscholastic athletics.

The court then applied the rational basis test and found that since the rule rationally furthered legitimate state purposes it did not, as written, violate plaintiffs' right to equal protection of the laws. The legitimate state purposes that the trial court found were furthered by the outside competition rule include 1) assuring fairness to other students who may wish to participate on the school team, 2) providing balance between school teams, 3) providing balance with respect to the individual student's participation in athletics, 4) promoting team loyalty, and 5) ensuring that student athletes do not endanger their well-being by over-extensive athletic competition and stress.

However, the trial court thereafter found that the commissioner of CHSAA had been arbitrary, capricious, and haphazard in determining which swimmers qualified for waivers to the outside competition rule and that, therefore, the waiver provision worked a denial of equal protection as applied. On the basis of that finding, it granted plaintiffs' motion for a preliminary injunction because, in addition to meeting the other requirements for the injunction, it

concluded that plaintiffs had made the required showing that they had a reasonable probability of success on the merits of their claim.

CHSAA argues that the court's finding of arbitrary application of the waiver provision is unsupported by the record and that, therefore, the court erred in granting plaintiff's motion for the preliminary injunction. We agree.

■ The decision whether to grant preliminary injunctive relief is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Rathke v. MacFarlane*, 648 P.2d 648 (Colo.1982). Further, the findings of fact made by the trial court are binding on review if supported by evidence in the record. *Littlehorn v. Stratford*, 653 P.2d 1139 (Colo.1982); *Crosby v. Watson*, 144 Colo. 216, 355 P.2d 958 (1960). That evidentiary support is lacking here.

■ During the 1983–84 season, waivers had been granted to athletes for several meets because CHSAA mistakenly believed that these meets qualified under the international competition provision. In order to avoid repeating that mistake the following year, CHSAA consulted the United States Olympic Committee so it could be sure which meets did, in fact, qualify under the rule.

When CHSAA called the United States Olympic Committee for this purpose, it was advised that only one particular meet so qualified during the 1984–85 season. The record shows that waivers were granted during that season for that one meet only; all other requests were denied.

The record shows that the waivers were uniformly granted to all applicants. In no instance was one student granted a waiver for a specific meet and another denied one for the same meet. Further, no student who sought a waiver for a swim meet that qualified under the international competition provision was denied that request.

Under this state of the record, we conclude that, as a matter of law, there was nothing, arbitrary, capricious, or haphazard about the way in which the waiver provi-

sion was applied. Accordingly, the preliminary injunction lacks a proper basis and may not stand.

Because of this finding, it is not necessary for us to decide the question whether, had the trial court's findings been correct, CHSAA's application of the rule denied plaintiffs equal protection of the law.

Plaintiffs argue that this court should uphold the trial court's ruling by an alternate determination that the outside competition rule is violative of their constitutional right to freedom of association, or that the rule does not rationally further any legitimate state purpose. We decline to do this.

■ Under the outside competition rule, student athletes are not prohibited from associating and practicing with other teams. The rule merely requires that during a high school sport's season, students must choose between competing on their school team or competing on non-school teams. We do not find this to be an impermissible burden on their constitutional right of freedom of association. *See Niles v. University Interscholastic League,* 715 F.2d 1027 (5th Cir.1983); *cert denied,* 465 U.S. 1028, 104 S.Ct. 1289, 79 L.Ed.2d 691 (1984); *Kite v. Marshall,* 661 F.2d 1027 (5th Cir.1981) *cert denied,* 457 U.S. 1120, 102 S.Ct. 2934, 73 L.Ed.2d 1333 (1982).

Moreover, we agree with the trial court that the rule does, in fact, rationally further legitimate state purposes and therefore does not violate plaintiff's right to equal protection of the laws.

Accordingly, the order of the trial court granting plaintiffs a preliminary injunction is reversed, and the cause is remanded for further proceedings.

KELLY and STERNBERG, JJ., concur.