2003 WY 126

**Thomas L. WILSON and Helen L. Wilson, Appellants (Defendants),**

v.

**LUCERNE CANAL AND POWER COMPANY, Appellee (Plaintiff).**

No. 02–153.

Supreme Court of Wyoming.

Oct. 3, 2003.

---

Representing Appellant: Peter C. Nicolaysen, Casper, Wyoming.

Representing Appellee: Jerry M. Smith, Sigler & Smith Law Office, Torrington, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶1] Lucerne Canal and Power Company (Lucerne), an irrigation company, filed a complaint in 1988 against landowners Thomas L. Wilson and Helen Wilson for damages

and injunctive relief. That filing was resolved in 1990 with the district court's issuance of a "Consent Decree and Judgment" which declared that Lucerne owned appurtenant easements across Wilsons' property for Lucerne's irrigation facilities and a related access road. Lucerne returned to court in May 2002 and obtained first a temporary and then a permanent restraining order, enjoining Wilsons' interference with Lucerne's easements. Wilsons appeal the permanent restraining order on several procedural grounds. Finding no fatal defects in the procedure, we affirm.

## ISSUES

[¶ 2] The Wilsons present the issues as follows:

1. Whether the entry of a permanent injunction at the preliminary hearing is reversible error when the district court fails to enter an order of consolidation as required by W.R.C.P. 65(a)(2).

2. Whether Appellants had adequate notice of the consolidation and were thus afforded due process before the entry of permanent injunctive relief.

3. Whether the permanent injunction was properly entered despite a failure by Plaintiff/Appellee to plead a sufficient factual basis for permanent injunctive relief and despite a failure to make a written request for the entry of permanent injunctive relief.

4. Whether a permanent injunctive order that does not follow the form mandated by W.R.C.P. 65(d) must be vacated.

Lucerne reduces this to a single issue:

Whether the district court acted properly when it entered a permanent injunction against defendants/appellants.

1. The May 31, 2002, hearing was not stenographically or electronically recorded. According to the briefs, pursuant to W.R.A.P. 3.03, Lucerne prepared a Statement of the Evidence, to which Wilsons did not object, and submitted it to the court. The court requested instead a stipulated Statement of the Evidence, which the parties

## FACTS

[¶ 3] We are limited in this appeal because of the lack of an evidentiary record. The original proceedings were resolved without trial by entry of a "Consent Decree and Judgment" on May 4, 1990. The permanent injunction in 2002 was issued following an evidentiary hearing; however, that hearing was not stenographically reported or electronically recorded, and the parties were unable to settle the record.[1] For purposes of this discussion, the facts are therefore gleaned primarily from the 1990 Consent Decree and Judgment, the findings contained in the 2002 orders, and the admissions of the parties in their appellate briefs.

[¶ 4] Lucerne is a non-profit irrigation company in Goshen County, Wyoming. It owns water rights in the North Platte River, with associated diversion and distribution facilities to deliver water to its stockholders. Part of these facilities is on Wilson-owned property adjacent to the river. The 1990 decree resolved that Lucerne owned an appurtenant easement across Wilsons' property for its facilities, as well as for a road to access, operate and maintain its facilities. The decree ordered:

3. That [Lucerne] has and shall continue to have a non-exclusive easement and right-of-way, which shall run with the land, for a road, upon, over and across [Wilson's property] ... for so long as [Lucerne] maintains or operates any of its facilities, ditches, canals, or other irrigation facilities on or adjacent to the lands now owned by [Wilsons], of such a nature as to provide unobstructed ingress, egress and access for such vehicles, machinery and equipment as is reasonably necessary for [Lucerne] to operate, regulate, maintain, inspect, repair, replace, remove, renovate and for all other reasonably necessary purposes for its irrigation system, facilities, equipment and appurtenances.

submitted. The Court informed the parties on October 8, 2002, that the stipulation was not complete or accurate and that the court could therefore not order the record settled. Neither of the proffered Statements of Evidence are part of the record on appeal.

4. [Lucerne] has the right to maintain said road as is reasonably necessary to provide for such access and shall have unobstructed use of its easement. [Wilsons] shall not interfere with Lucerne's use of said Easements and rights-of-way.

[¶ 5] In May 2002, Lucerne returned to the district court. The exact chronology of the pleadings and orders is as follows:

May 22, 2002    Lucerne appeared before the district court with a Motion for Temporary Restraining Order and presented testimony through its secretary-treasurer.

The district court issued the Temporary Restraining Order, restraining Wilsons "from in any manner interfering with [Lucerne's] right to operate, regulate, maintain, inspect, repair, replace, remove or renovate its facilities including but not being limited to dams, channels, headgates and other water works which [Lucerne] uses in the supplying of water to its members."

The Goshen County Sheriff served a copy of the TRO on Thomas Wilson.

May 23, 2002    Lucerne filed its Motion for Temporary Restraining Order.[2]

Lucerne filed a Notice of Hearing on Temporary Restraining Order and Whether A Permanent Injunction Should Be Granted, setting the hearing for May 31, 2002. Certificate of service indicates service on Wilsons by mail.

May 31, 2002    Lucerne filed its Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt and for Damages, with Affidavit in Support.

Hearing conducted pursuant to the May 23 notice; the district court announced intention to enter permanent injunction.

June 5, 2002    The district court issued Permanent Injunction.

[¶ 6] Thomas Wilson appeared and testified at the hearing on May 31, 2002, as did Lucerne's secretary-treasurer. The permanent injunction issued by the district court reads in its entirety:

This matter coming before the Court upon Plaintiff's Motion for Temporary Restraining Order and the Court being fully advised finds that Plaintiff should have the use of that roadway over and across Defendants [sic] property and the right to operate, regulate, maintain, inspect, repair, replace, remove or renovate its facilities including but not being limited to dams, channels, headgates and other water works which Plaintiff uses in the supplying of water to it [sic] members and to use the hereinafter described property for the purpose of gaining access to the diversion dam, channel, canal and related facilities utilized by Plaintiff for diverting and transporting water from the North Platte Rive across Defendants [sic] property.

It is therefore ordered that Plaintiff, its agents, employees and contractors shall have the use of the following described property, to wit: [legal description], the use to be for the purpose of gaining access to the diversion dam, channel, canal and related facilities utilized by Plaintiff for diverting and transporting water from the North Platte River across Defendants' lands, and Defendants, their agents, employees and any other persons acting in their behalf be, and they are hereby permanently enjoined and restrained from interfering with Plaintiff, its agents, employees or contractors in the use of the lands of Defendants used as a roadway and for irrigation facilities henceforth and in perpetuity.

[¶ 7] On June 13, 2002, the Goshen County sheriff served Thomas Wilson with the Motion for Order to Show Cause with Affidavit, Permanent Injunction, and Order setting a

---

2. Although not clear from the record, Lucerne explains in its brief that the Motion for TRO it was prepared to file on May 22 was supported by affidavit, but had to be re-done to reflect that the district court instead took live testimony from Lucerne's secretary-treasurer.

hearing for November 27, 2002. Wilsons appealed the permanent injunction.

## STANDARD OF REVIEW

[¶ 8] The trial proceedings in this case were not recorded or transcribed, and, as noted above, the appellants did not present a settlement of the record under W.R.A.P. 3.03. "We must, therefore, accept 'the trial court's findings as being the only basis for deciding the issues which pertain to the evidence.' " *Weiss v. Pedersen*, 933 P.2d 495, 498 (Wyo.1997) (*abrogated on other grounds, White v. Allen*, 2003 WY 39, ¶¶ 10–11, 65 P.3d 395, ¶¶ 10–11 (Wyo.2003)) (quoting *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.*, 896 P.2d 769, 771 (Wyo. 1995)). "In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings." *Willowbrook Ranch, Inc.*, 896 P.2d at 771–72.

[¶ 9] We also addressed injunctions in *Weiss:*

Although actions for injunctive relief are authorized by statute, Wyo. Stat. §§ 1–28–101 to–111 (1988 & Supp.1996), they are, by nature, requests for equitable relief which are not granted as a matter of right but are within the lower court's equitable discretion. *Rialto Theatre, Inc. v. Commonwealth Theatres, Inc.*, 714 P.2d 328, 332 (Wyo.1986). Injunctions are issued when the harm is irreparable and no adequate remedy at law exists. *Id.; Gregory v. Sanders*, 635 P.2d 795, 801 (Wyo.1981). Injunctive relief is appropriate when an award of money damages cannot provide adequate compensation. *Rialto Theatre, Inc.*, 714 P.2d at 332. An injury is irreparable "where it is of a 'peculiar nature, so that compensation in money cannot atone for it.' *Gause v. Perkins*, 56 N.C. 177 (1857). *Frink v. North Carolina Board of Transportation*, 27 N.C.App. 207, 218 S.E.2d 713, 714 (1975)." *Gregory*, 635 P.2d at 801.

933 P.2d at 498–99.

[¶ 10] Also this year, in *Polo Ranch Company v. City of Cheyenne, Board of Public Utilities*, 2003 WY 15, ¶ 25, 61 P.3d 1255, ¶ 25 (Wyo.2003), we quoted with approval from *Kincheloe v. Milatzo*, 678 P.2d 855, 861 (Wyo.1984), regarding trial courts' injunction authority:

Preliminarily, it is to be remembered that, when courts are called upon to employ their injunctive authority, they must utilize this power with great caution. We have said:

"The extraordinary remedy of an injunction is a far-reaching force and must not be indulged in under hastily contrived conditions. It is a delicate judicial power and a court must proceed with caution and deliberation before exercising the remedy." *Simpson v. Petroleum, Inc.*, Wyo., 548 P.2d 1, 3 (1976).

We went on to state:

Injunctions are extraordinary remedies and are not granted as of right. In granting an injunction, the court exercises broad, equitable jurisdiction. *Brown v. J.C. Penney Co.*, D.C. Wyo., 54 F.Supp. 488 (1943). This discretion is, however, not unfettered, but "must be exercised reasonably and in harmony with well established principles," 43 C.J.S. Injunctions § 14, p. 772. Where injunctive relief is sought, it is the trial court that grants or denies it, based upon the facts—not the appellate court, 43 C.J.S. Injunctions § 14, pp. 769, 773. *Crosby v. Watson*, 144 Colo. 216, 355 P.2d 958 (1960); *Hansen v. Galiger*, 123 Mont. 101, 208 P.2d 1049 (1949).

*Polo Ranch Co.*, ¶ 25.

[¶ 11] Therefore, assuming the evidence supports the trial court's findings, we will simply review the permanent injunction for an abuse of discretion by the trial court. "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Pasenelli v. Pasenelli*, 2002 WY 159, ¶ 11, 57 P.3d 324, ¶ 11 (Wyo.2002) (quoting *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998)).

## DISCUSSION

[¶ 12]  Wilsons rely extensively in their brief on alleged non-compliance with W.R.C.P. 65. It is important, however, to read the rule in the context of the actual proceedings in 2002. Rule 65 is written in contemplation of a request for an injunction upon the filing of a complaint, prior to trial on the merits. In this case, however, the merits of Lucerne's complaint were resolved in 1990 by the entry of the Consent Decree and Judgment. Specifically, the court made the following findings of fact in 1990:

3.  That Defendants, Thomas L. Wilson and Helen Wilson, own or occupy lands upon which part of Lucerne Canal and Power Company's facilities are located, which property has been **and must be** crossed by Lucerne members, employees, agents and contractors in order to inspect, regulate, operate, maintain, repair and replace such facilities; and

4.  That Lucerne received from the United States Department of Interior, in 1894, and has continually since such time had an easement and right-of-way for its canal and associated facilities upon, over and across [Wilsons' property]; and....

\* \* \* \*

7.  That Defendants have agreed that Lucerne has and shall continue to have an easement and right-of-way, for a road, for so long as it maintains or operates any of its facilities, ditches, water transportation facilities, or other irrigation facilities on or adjacent to the lands now owned by Defendants, of such a nature as to provide unobstructed ingress, egress and access for such vehicles, machinery and equipment, as is reasonably necessary for Plaintiff to operate, maintain, inspect, repair, replace, remove, renovate and for all other reasonably necessary purposes, its irrigation system, facilities, equipment and appurtenances....

Based on those and other facts, the district court ordered that:

4.  Plaintiff has the right to maintain said road as is reasonably necessary to provide for such access and shall have unobstructed use of its easement. Defendants shall

not interfere with Lucerne's use of said Easements and rights-of-way.

The 2002 injunction, therefore, states no more and no less than did the 1990 Consent Decree and Judgment.

[¶ 13]  Wilsons are correct that W.R.C.P. 65(a) allows the court to "order the trial of the action on the merits to be advanced and consolidated with the hearing of the application" for a preliminary injunction. However, we will not apply the rules blindly without contextual considerations. The rule is obviously written in contemplation of an application for an injunction at the beginning of an action. Wilsons' argument, that they were prejudiced by the failure of the court to issue a consolidation order, is more than a little bit disingenuous.

[¶ 14]  First, we note that the notice of hearing, pursuant to which Wilsons attended the May 31, 2002, hearing, was entitled, "Notice of Hearing on Temporary Restraining Order and Whether a Permanent Injunction Should Be Granted." Second, the factual merits of the application were resolved by consent decree twelve years earlier. The 2002 order, although denominated an injunction, is more in the nature of an action to enforce the existing decree than it is to preserve the status quo pending determination of the parties' rights. In that respect, this case is strikingly similar to *Polo Ranch Company, supra.* The underlying rights of the parties were determined in earlier litigation and court-approved stipulations and are now *res judicata.* Since there could be no trial on these issues, let alone one to be advanced on the court's docket, there can be no violation of Rule 65(a)'s requirement of a consolidation order.

[¶ 15]  The same reasoning applies to Wilsons' due process argument. We have said that consolidation of a trial on the merits with an injunction hearing involves due process concerns, and that "[i]t is one thing to appear for a hearing on the matter of a preliminary injunction and another to walk away from that hearing saddled with a permanent injunction." *Simpson v. Petroleum, Inc.,* 548 P.2d 1, 2 (Wyo.1976). However, in this case Wilsons were not "saddled with"

any more restraint in 2002 than they were in 1990. We stated in *Weiss:* "With regard to easements in particular, injunctive relief is appropriate to prohibit the servient estate owner from interfering with the dominant estate owner's use of his easement. *See Bard Ranch Company v. Weber,* 557 P.2d 722 (Wyo.1976); *Weber v. Johnston Fuel Liners, Inc.,* 519 P.2d 972 (Wyo.1974)." 933 P.2d at 499. That is precisely the issue resolved in 1990, and we will not interpret procedural rules to avoid the principle of *res judicata* and permit serial violations of injunctions involving established water rights and easements.

■ [¶ 16] Wilsons' next argument directly attacks the factual basis pled and proved for the entry of the injunction. As noted above, it is the appellant's obligation to provide an adequate record on appeal and, failing that, we accept "the trial court's findings as being the only basis for deciding the issues which pertain to the evidence." *Weiss,* 933 P.2d at 498. The affidavit of Lucerne's secretary-treasurer states that the Wilsons had placed a dike in the river channel that kept the water from reaching Lucerne's diversion structure. We assume that he testified consistently when he was a witness at both the temporary restraining order and preliminary/permanent injunction hearings, and that the evidence supports the district court's finding that Wilsons were violating Lucerne's easements. Again, that assumption is much easier to make when the permanent injunction merely reiterates the terms of the injunction from the 1990 decree.

[¶ 17] Wilsons next challenge the sufficiency of the form of the permanent injunction, specifically the specificity requirements under W.R.C.P. 65(d). We have said that the specificity requirement is "designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree [too] vague to be understood." *Bard Ranch Co.,* 557 P.2d at 733. We look at the injunction in context. Wilsons had a history of interfering with the Lucerne easements, leading to the earlier two-year litigation and eventual consent de-

cree. In addition to the permanent injunction contained within the 1990 consent decree, they had earlier in the course of the litigation, while represented by counsel, filed a "Consent to Entry of a Preliminary Injunction," which recited:

Defendants hereby consent to the entry by the Court of a Preliminary Injunction granting Plaintiff the use of that roadway particularly described on Exhibit 1 attached to Plaintiff's Motion for Temporary Restraining Order and enjoining and restraining Defendants from interfering with Plaintiff, its agents, employees or contractors and from interfering with Plaintiff's use of that roadway for the operation, maintenance and repair of Plaintiff's facilities utilized for diverting and transporting water across Defendants' property.

■ [¶ 18] The 2002 injunction, therefore, was the third time that Wilsons had been enjoined from interfering with Lucerne's rights. While the injunction could have been more complete in its findings and conclusions, there was absolutely no possibility of uncertainty or confusion when the merits of the case had already been decided and the latest injunction merely told Wilsons for the third time that they were restrained from interfering with the company's access to its facilities. In the context of this case, we do not find the injunction insufficient. By so ruling, however, we do not impliedly overrule *Bard Ranch Company* or any other decisions under Rule 65 and still require injunctions to include appropriate findings of fact and conclusions of law, especially when they are in fact preliminary to a trial on the merits.

[¶ 19] Wilsons in their briefs cite several cases for the proposition that due process rights of notice and opportunity to be heard are implicated before a previously entered order is modified or amended. *Macy v. Macy,* 714 P.2d 774, 782 (Wyo.1986); *Barker Bros., Inc. v. Barker–Taylor,* 823 P.2d 1204, 1208 (Wyo.1992). The record shows that Wilsons did receive notice of and participated in the May 31 hearing. Nevertheless, the cited cases are distinguishable. *Macy* involved a motion to modify the terms of a divorce decree, which we characterized as "a separate and distinct case involving new is-

sues and new facts." *Barker Bros., Inc.* involved a post-judgment hearing on debtor's claim of exempt property, at which the debtor was allowed to collaterally attack the default judgment. We reversed and remanded so the judgment creditor could be appropriately notified on a motion to set aside the default judgment. In the present case, Lucerne did not seek to modify or amend any part of the 1990 Consent Decree and Judgment, but only to have its permanent injunction provision reiterated in nearly identical terms.

[¶ 20] Finally, Wilsons argue that the 2002 permanent injunction is different from the 1990 injunction because it restrains them "henceforth and in perpetuity," while the earlier one was "only so long as [Lucerne] maintains or operates any of its facilities ... on or adjacent to the lands now owned by [Wilsons]...." This argument strains credulity. The easement in favor of Lucerne is repeatedly described as being for purposes of the irrigation facility. Moreover, the 2002 injunction restrains Wilsons from interfering with Lucerne "in the use of the lands of Defendants used as a roadway *and for irrigation facilities* henceforth and in perpetuity." (Emphasis added). We do not perceive a significant difference. No reasonable person could interpret that language as extending the easements beyond their irrigation purpose.

## CONCLUSION

[¶ 21] We see no indication that the trial court failed to exercise sound judgment with regard to what is right under the circumstances. If Wilsons were not restrained from interfering with Lucerne's rights to access the river water, irreparable injury would have occurred to the company and its shareholders in a year of severe drought, and money damages could not adequately compensate for the water lost downstream. Under the circumstances, we cannot say that the district court abused its discretion or violated any of Wilsons' rights when it granted Lucerne's request and reiterated the earlier injunctions. We affirm the district court.